UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS TORRES,

                    Petitioner,

          -against-

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.

23-CV-9380 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Jesus Torres is in pretrial detention in the Orange County Jail. In his original

submission, written in letter form, Petitioner raised numerous alleged errors in his ongoing state

court criminal proceedings.[1] He sought release on bail, dismissal of the indictment, and other

relief. (ECF 1 at 1-6, 10-14.) Petitioner further stated his intention to file a "civil suit" against the

prosecutor, the judge, the jail, and the Legal Aid Society. (*Id.* at 7-8.) Attached to the pleading

are copies of complaints that Petitioner filed against his criminal defense attorneys, a motion for

recusal of the state court judge, articles about other criminal defendants and their sentences, and

other documents in which Petitioner challenges the legality and fairness of his criminal

proceedings. (*Id.* at 15-43.) The Court construed Petitioner's submission as a petition for *habeas*

*corpus*, brought under 28 U.S.C. § 2241. By order dated October 26, 2023, the Court granted

Petitioner leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

---

[1] The Court received Petitioner's undated submission on October 11, 2023. (ECF 1.)

[2] Petitioner submitted this filing without paying the $5.00 fee for filing a *habeas corpus*
petition or submitting an IFP application. By order dated October 26, 2023, the Court directed
Petitioner to remedy this deficiency, which he did by submitting an IFP application on
November 14, 2023.

Since filing his pleading, Petitioner has filed four letters, two additional IFP applications, a complaint, and an amended complaint. (ECF 3-4, 6-8, 9-10, 12.) Petitioner makes clear in the letters that he seeks to remove his state court criminal proceedings to this Court. (ECF 3, 4, 9, 10.) By way, of example, Petitioner asserts in one letter that he seeks "to change my felony case from state to federal [court], 28 U.S.C. § 1455," and refers to the submission as a "notice of removal." (ECF 4 at 2.)

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition, and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

**A.     Notice of removal**

To remove a state court criminal action to a federal district court:

[a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short

and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). A defendant removing a criminal action to a federal district court is generally required to file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." §1455(b)(3).

The removing defendant has the burden of establishing that a case is within the federal district court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Because removal to a federal district court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). If it clearly appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. § 1455(4).

The ability to remove a criminal action to a federal district court is very limited. A criminal prosecution commenced in a state court against a federal officer or member of the armed forces for actions taken under the color of his or her office may be removed to federal court. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in a state court may also be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

Petitioner does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of his office. He also does not allege that he cannot enforce, in his state court criminal proceedings, his civil rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-pronged test for removal of criminal prosecution where defendant is denied equal civil rights). Petitioner, therefore, has not demonstrated that there is any statutory basis for removal of his criminal proceedings.

Petitioner also has not complied with the procedural requirements for removal. The notice of removal does not plead facts showing that it was filed within 30 days of arraignment. Because the notice of removal does not allege a proper basis for removal, and does not comply with the procedural requirements for removal, removal would not be proper, and Petitioner's application is denied.[3]

**B.**     ***Habeas corpus* relief**

**1.**     **Petition under 28 U.S.C. § 2241**

Because Petitioner, who is a pretrial detainee, brings this petition to challenge his detention and obtain various forms of relief in his pending criminal proceedings, this petition must be construed as a petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2241.[4] A

---

[3] Ordinarily this Court would order the matter remanded to state court. *See* 28 U.S.C. § 1455(b)(4). There is no indication, however, that Petitioner alerted the state court of the removal, and thus remand is not required.

[4] Because of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations on second or successive petitions, *see* 28 U.S.C. § 2244(a), a federal district court has limited power "to *sua sponte* convert post-conviction motions [to habeas corpus petitions] without giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion." *Simon v. United States*, 359 F.3d 139, 140 (2d Cir. 2004); *see Castro v. United States*, 540 U.S. 375, 383 (2003). This notification requirement is based upon a concern "that a prisoner may be unaware that such a proposed conversion can trigger the AEDPA's gate-keeping limitations." *Simon*, 359 F.3d at 139. As this action challenges Petitioner's pretrial detention or ongoing criminal proceedings, it is not a postconviction action or motion implicating the

prisoner in state custody generally must challenge his incarceration in a petition under 28 U.S.C. § 2254, but relief in a petition under 28 U.S.C. § 2241 may be available to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013*); Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

**2.     Abstention pending final judgment.**

Although Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When

---

AEDPA's gate keeping requirements, and therefore, there is no need to notify Petitioner of the recharacterization and obtain his consent before considering his claims.

there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see also Baker v. Sup. Ct. for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Petitioner brings this petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final.

Courts have found special circumstances warranting *habeas corpus* relief before trial in at least two situations. First, pretrial *habeas corpus* relief may be appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas corpus* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial.").

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly declined to abstain from hearing claims that prisoners were being detained without probable cause hearings because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits," and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the

criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas corpus* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes"). *But see Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (holding in an action under 42 U.S.C. § 1983 that interference with state bail proceedings would violate principles of *Younger*); *see also Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) ("*Younger* abstention ordinarily applies to a state court's bail application proceedings." (citation omitted)).

Here, Petitioner's assertion that the state court has violated his right to fair criminal proceedings, a speedy trial, and bail, may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings. *See Braden*, 410 U.S. at 493. But Petitioner does not allege that he has exhausted his state-court remedies with respect to his claims.

### 3.    Exhaustion of state court remedies

Although Section 2241 does not contain a statutory exhaustion requirement, it has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *id.* (noting that the Supreme Court has "never interpreted the exhaustion requirement" to require "a state prisoner to invoke *any possible* avenue for review" (emphasis original)). A petitioner who

has not exhausted available state court remedies generally may seek a writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner gives no indication that he has presented his claims through the state's established review process, although the state courts can consider the merits of the claims he presents in this petition. In New York, prior to conviction, a detainee can raise speedy trial claims and claims regarding the denial of bail. *See, e.g.*, *Parrish v. Lee*, No. 10-CV-8708 (KMK), 2015 WL 7302762, at *12 (S.D.N.Y. Nov. 18, 2015) (noting that a detainee may assert that he has been denied his Sixth Amendment right to a speedy trial in a motion to the trial court under N.Y. Crim. Proc. Law § 30.20); *see also People ex rel. Rosenthal v. Wolfson*, 48 N.Y.2d 230, 232 (1979) ("The writ of *habeas corpus* [filed in state court under New York law] affords an opportunity under constitutional and historical aegis for re-examination of a nonappealable order fixing or denying bail.").[5]

As Petitioner provides no facts showing that he has exhausted his state court remedies, the petition is denied without prejudice, with leave to replead should he be able to provide facts showing that he has exhausted his state court remedies.

## C.    Civil action for damages and declaratory relief

Petitioner filed a civil complaint and an amended complaint under the same docket number as the original pleading in which he appears to be seeking damages.[6] (ECF 8, 12.) The

---

[5] A criminal defendant can also raise the issue of a potential violation of his constitutional right to a speedy trial in the state trial court and the appellate courts after conviction. *See* N.Y. Crim. Proc. Law §§ 440.10(h), 450.15.

[6] Although federal prisoners may challenge their conditions of confinement under section 2241, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), "[t]he Second Circuit

Clerk of Court is directed to open the complaint and the amended complaint as a new civil action, and docket in the new case: (1) the complaint (ECF 8); (2) the amended complaint (ECF 12); (3) the IFP application (ECF 6); and (4) this order.

## CONCLUSION

Petitioner's application to remove his criminal proceedings from the Orange County Court to this Court is denied as improper.

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. §2241, is denied without prejudice. The Court grants Petitioner leave to file an amended *habeas corpus* petition, should he wish to do so, if he can show that he has exhausted his state court remedies. The amended petition must be submitted to this Court's *Pro Se* Office within 30 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition For A Writ Of *Habeas Corpus* Under 28 U.S.C. § 2241 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If

---

has not yet extended this ability to persons in state custody," *Hargrove v. Dep't of Correction*, No. 09-CV-876 (WWE), 2009 WL 2372165, at *1 (D. Conn. July 30, 2009). Moreover, as the Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499; *see Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) ("*habeas* is the exclusive remedy for a state prisoner seeking an earlier release," and Section 1983 is the proper remedy to challenge conditions of confinement (citing *Preiser*, 411 U.S. at 499.)). Thus, if Petitioner seeks damages or declaratory relief in connection with the alleged unconstitutional conditions of his confinement, he must file a civil rights complaint under Section 1983, and either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, by submitting a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act (PLRA) requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1).

Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will enter judgment consistent with this order.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to open the complaint and the amended complaint as a new, separate, civil action, and docket in the new case: (1) the complaint (ECF 8); (2) the amended complaint (ECF 12); (3) the IFP application (ECF 6); and (4) this order.[7]

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 2, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[7] That matter will be assigned a new docket number, and Petitioner will be directed to submit a prisoner authorization.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28

### U.S.C. § 2241 Instructions

1.   **Who Should Use This Form**.  You should use this form if
   •   you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   •   you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   •   you are alleging that you are illegally detained in immigration custody.

2.   **Who Should Not Use This Form**.  You should not use this form if
   •   you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   •   you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   •   you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.   **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form.  If needed, you may attach additional pages or file a memorandum in support of the petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

4.   **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5.   **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6.   **Submitting Documents to the Court**.  Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7.   **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| _____ |  ) | |
| *Petitioner* | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | *(Supplied by Clerk of Court)* |
| _____ | ) | |
| *Respondent* | ) | |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a)  Your full name: _____

     (b)  Other names you have used: _____

2.   Place of confinement:

     (a)  Name of institution: _____

     (b)  Address: _____

     _____

     (c)  Your identification number: _____

3.   Are you currently being held on orders by:

     ❑ Federal authorities        ❑ State authorities        ❑ Other - explain:

     _____

4.   Are you currently:

     ❑ A pretrial detainee (waiting for trial on criminal charges)

     ❑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

     If you are currently serving a sentence, provide:

          (a)  Name and location of court that sentenced you: _____

          _____

          (b)  Docket number of criminal case: _____

          (c)  Date of sentencing: _____

     ❑ Being held on an immigration charge

     ❑ Other *(explain)*: _____

     _____

     _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.　　What are you challenging in this petition:

❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*: _____

_____

_____

6.　　Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.　　**First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes　　　　　　　❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        _____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

        _____

        _____

        _____

        _____

        _____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        _____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

        _____

        _____

_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.     **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes                ❏ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____
_____
_____
_____

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes                ❏ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

❏ Yes                          ❏ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution,

laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the

facts supporting each ground.

**GROUND ONE**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                    ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do: _____

_____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _____          _____

                                                                                  *Signature of Petitioner*

                                                           _____

                                                                    *Signature of Attorney or other authorized person, if any*